

_____

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 16, 2020

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:        bkfilings@s-mlaw.com
*Counsel for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S-19-15835-ABL |
| STRATORISE SOUTH LLC, | Chapter 7 |
| Debtor(s). | **ORDER GRANTING TRUSTEE'S MOTION TO: 1) SELL REAL PROPERTY FREE AND CLEAR OF ALL CLAIMS, ENCUMBRANCES, LIENS, AND INTERESTS, AND 2) AUTHORIZE BID PROCEDURES AND CONDUCT AUCTION AT HEARING** |
| | Hearing Date:   October 7, 2020<br>Hearing Time:  9:30 a.m. |

The Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests; And 2) Authorize Bid Procedures And Conduct Auction At Hearing (the "Motion")[1] filed in the above-captioned Chapter 7 case (the "Bankruptcy Case") having come before this Court on October 7, 2020; Shelley D. Krohn, Chapter 7 Trustee, appearing by and through her counsel, Jeanette E. McPherson, Esq. of  Schwartzer & McPherson Law Firm, other appearances having been made on the record, the Court having reviewed all

---

[1] Unless otherwise defined, all capitalized terms have the meanings ascribed in the Motion.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

pleadings on file including without limitation the: 1) Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests; And 2) Authorize Bid Procedures And Conduct Auction At Hearing [ECF 69]; 2) Declaration of Shelley D. Krohn, Trustee In Support Of Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests; And 2) Authorize Bid Procedures And Conduct Auction At Hearing [ECF 71]; 3) Declaration Of Jeff Azuse In Support Of  Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests; And 2) Authorize Bid Procedures And Conduct Auction At Hearing [ECF 70]; the Court having heard the argument of the parties, the Motion having been properly noticed under the Federal Rules of Bankruptcy Procedure, the Court having overruled any and all objections made, the Court having made its findings of fact and conclusions of law on the record which are incorporated herein pursuant to Fed. R.Civ. P. 52, made applicable by Fed.R.Bankr. P. 9014 and 7052, and for good cause shown, it is ORDERED that:

1.      The Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests; And 2) Authorize Bid Procedures And Conduct Auction At Hearing is approved and granted.

2.      Notices of the Motion, supplements, and related documents were and are sufficient and adequate to all parties and entities entitled to notice.

3.      The Debtor's estate holds an interest in the Property, and thus the Property is property of the estate pursuant to 11 U.S.C. § 541 subject to sale pursuant to 11 U.S.C. § 363.

4.      The terms and conditions of the Sale Agreement are hereby approved, and the sale of the Property is authorized under 11 U.S.C. § 363(b) and 363(f).

5.      The Property was sold "as is," "where is" and without warranty, subject to auction, under the following terms:

**Buyer**:  SS&D Nevada Properties LLC, or its assignee.
**Assets To Be Purchased**:  Real property located at 1801 Las Vegas Boulevard South, Las Vegas, Nevada, APN 162-03-310-006 and all personal property and related property, if any, set forth in the Sale Agreement.
**Deposit:**  $75,000.00, deposit, non-refundable, but which shall be credited to the Purchase Price, or which will be refunded if a different party is the successful buyer who closes a sale.

**Purchase Price:** $1,000,000.00 payable ("Purchase Price").
**Hilco Broker's Fee:** $50,000.00 ("Hilco Broker's Fee").
**Terms:** No due diligence period or financing contingency, and Purchase Price and Hilco Broker's Fee payable within 17 days of entry of an order granting this Motion.

The overbidding procedures set forth in the Motion are approved as sufficient and adequate. There were no overbidders.

6.      The Buyer,  SS&D Nevada Properties LLC (or its assignee), is the highest and best offeror, and the Trustee is authorized to sell the Property to Buyer for fair and reasonable payment in the amount of $1,000,000.00 ("Purchase Price") plus the Hilco Broker's Fee of $50,000.00 under the terms set forth herein and in the Motion and Sale Agreement.

7.      The Trustee is authorized to enter into and consummate the Sale Agreement and all agreements contemplated thereunder, including without limitation a deed, and execute any and all documents and take all actions necessary and appropriate to effectuate and consummate the sale of the Property in consideration of the purchase price specified therein, including selling, assigning, and transferring to the Buyer all of the rights, title, and interest in and to the Property on the terms set forth in the Sale Agreement.  Any prior execution of the Sale Agreement by the Trustee is ratified and approved.

8.      The sale and transfer of the Property by the Trustee to Buyer is a legal, valid, and effective transfer and shall vest Buyer with all right, title, and interest in Trustee's right, title, and interest in the Property, "as is," "where is," and without warranty, and pursuant to 11 U.S.C. § 363(f), free and clear of any and all claims, lis pendens, encumbrances, liens, and interests of any kind whether arising by agreement, statute, or otherwise and whether arising before or after the commencement of this Chapter 7 case, whether known or unknown.  All creditors and any other parties are hereby permanently enjoined from asserting or prosecuting any claims, lis pendens, encumbrances, liens, or interests against Buyer, Buyer's affiliates, the Property, or Buyer's ownership, use or operation of the Property.

9.      Except as otherwise expressly provided in the Sale Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

customers, vendors, employees, trade creditors, litigation claimants, parties holding or alleging to hold an interest in the Property, and other creditors holding claims against the Debtor or the Property arising under or out of, in connection with, or in any way relating to, the Debtor, the Debtor's predecessors or affiliates, the Property, the ownership, sale or operation of the Property or the transfer of the Property to Buyer, are hereby forever barred, estopped and permanently enjoined from asserting such claims against Buyer, its successors or assigns, their property or the Property.  Following the consummation of the sale of the Property, no holder of any claim shall interfere with Buyer's title to or use and enjoyment of the Property based on or related to any such claim, or based on any action the Debtor or the Trustee may take in the Bankruptcy Case.  If any person or entity that has filed any documents asserting interests, encumbrances, lis pendens, liens or claims against or in the Property shall not have delivered to the Trustee prior to the closing of the transactions contemplated by the Sale Agreement, in proper form for filing and executed by the appropriate parties instruments of satisfaction, releases of all claims that the person or entity has with respect to the Property (a) the Trustee is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity (with respect to the Property only); (b) Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all such claims against Buyer and the applicable Property; and (c) Buyer may seek in this Court or any other court to compel appropriate parties to execute instruments of satisfaction and releases of all such claims with respect to the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Property free and clear of interests, encumbrances, lis pendens, liens, and claims shall be self-executing, and neither the Trustee nor Buyer shall be required to execute or file releases, instruments of satisfaction, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Order.

10.    All persons and entities (including, without limitation, the Debtor, the Debtor's

former and current principals, affiliates, employees, agents or representatives) are prohibited and enjoined from taking any action to prevent, adversely affect or interfere with, or which would be inconsistent with, the ability of the Trustee to transfer the Property to Buyer in accordance with the Sale Agreement and this Order.  All persons and entities (including, without limitation, the Debtor, the Debtor's former and current principals, affiliates, employees, agents or representatives) are prohibited and enjoined from taking any action to exercise dominion or control of the Property.

11.     Pursuant to 11 U.S.C. § 363(f), the Property is being sold free and clear of any and all liens, claims, encumbrances, lis pendens, and interests of any kind whether arising by agreement, statute, or otherwise and whether arising before or after the commencement of this Chapter 7 case, whether known or unknown, including, *but not limited to*, those items of record or filed as a secured proof of claim as follows:

| | Name |
|---|---|
| 1) | Clark County Treasurer/Real Property and Special taxes |
| 2) | Prudential Advances LLC deed of trust recorded on November 30, 2005 as Instrument No. 20051130-0005255 and the Substitution of Trustee and Deed of Reconveyance recorded on April 24, 2006 as Instrument No. 20060424-0000969 |
| 3) | A lien recorded by Neighborhood Services Department on December 9, 2010 as Instrument No. 20101209-0001307 |
| 4) | A judgment recorded by Marla, Jonathan, and Harriet Fidler (the "Fidler Judgment")[2] on April 18, 2019 as Instrument Nos. 20190418-0000532, 0000566, 0000568, 0000583, and 0000593, and on December 12, 2019  as |

_____

[2] The Fidler Judgment has been assigned to the Arts District Real Estate #1, LLC on August 27, 2019.  This judgment has attached to numerous properties in Clark County, and will only be paid to the extent any amounts are currently outstanding.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Instrument No. 20191212-0000022, and assignment recorded August 27, 2019 as Instrument No. 20190827-0000457

5) A pending court action as disclosed by a recorded notice by Las Vegas Boulevard High Rise, LLC, Osso Blanca St. Las Vegas G.P., and Liberty Tower Condominiums, LLC on April 26, 2019 as Instrument No. 20190426-0000677

6) A judgment recorded by Las Vegas Boulevard High Rise, LLC, Osso Blanca St. Las Vegas G.P., and Liberty Tower Condominiums, LLC on August 26, 2019 as Instrument No. 20190826-0004193

7) An Order Granting Preliminary Injunction recorded on June 12, 2019 as Instrument Nos. 20190612-0001421, and 0001422

8) An Order Granting Appointment of Receiver recorded on June 12, 2019 as Instrument No. 20190612-0001423

9) Notice of Assignment of Interest recorded on July 17, 2018 as Instrument No. 20180717-0000033

10) Lien of Spring Valley Development, LLC recorded on March 30, 2018 as Instrument No. 20180330-0001064 and "Notice Of Recession [sic]" that was recorded on June 28, 2018 as Instrument No. 20180628-0000022

11) Claim of ABC Recycling Industries

12. Any affected property interest, such as a claim, lien, lis pendens, encumbrance, or other interest, is transferred to the proceeds of the sale with the same force, effect, validity, and priority that such property interest had against the Property.

13. The proceeds from the sale of the Property shall be used to pay all outstanding property taxes under applicable law and the following lienholders, subject to verification by the Trustee of the amount owed, at closing as follows:

| | Name |
|---|---|
| 1) | Clark County Treasurer |
| 2) | A lien recorded by Neighborhood Services Department on December 9, 2010 as Instrument No. 20101209-0001307 |
| 3) | A judgment recorded by Marla, Jonathan, and Harriet Fidler (the "Fidler Judgment")[3] on April 18, 2019 as Instrument Nos. 20190418-0000532, 0000566, 0000568, 0000583, and 0000593, and on December 12, 2019 as Instrument No. 20191212-0000022 and assignment recorded August 27, 2019 as Instrument No. 20190827-0000457 |

14.    The proceeds from the sale of the Property shall be paid at closing to Hilco for the Hilco Broker's Fee in the amount of $50,000.00 and Hilco's Expenses in the amount of $3,570.00.

15.    The proceeds remaining from the sale of the Property shall be paid to the Trustee on behalf of the Debtor's estate. Any claims to such proceeds, including any claims, lis pendens, encumbrances, or interests of any kind listed in the Motion as disputed (unless otherwise resolved), shall be determined, if necessary, by this Court.    With regard to Spring Valley Development, LLC, the Trustee shall reserve the sum of $150,000.00 from the proceeds until such time as the Spring Valley Development, LLC claim has been determined.  See also the Stipulation Regarding Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests, And 2) Authorize Bid Procedures And Conduct Auction At Hearing [ECF 77] and Order Approving Stipulation Regarding Trustee's Motion To: 1) Sell Real Property Free And Clear Of All Claims, Encumbrances, Liens, And Interests, And 2) Authorize Bid Procedures And Conduct Auction At Hearing [ECF 78].

16.    The sale of the Property under the Sale Agreement, and each of the terms contained

---

[3] The Fidler Judgment has been assigned to the Arts District Real Estate #1, LLC on August 27, 2019.  This judgment has attached to numerous properties in Clark County, and will only be paid to the extent any amounts are currently outstanding.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

therein, have been negotiated and conducted at arms' length, without collusion and in "good faith" for all of the reasons set forth in the pleadings on file, including without limitation the Motion and all supporting declarations, and as a result, Buyer is adjudicated to be a good faith purchaser and is hereby granted and entitled to the protections of 11 U.S.C. § 363(m).

17.    The Trustee is hereby authorized, directed and empowered: (a) to carry out all of the provisions of the Sale Agreement and other related agreements, and all non-material modifications thereto as may be agreed to in writing by the Trustee and Buyer; (b) to execute, deliver, file and record, as appropriate, the documents evidencing and consummating the Sale Agreement and other related agreements; (c) to take any and all actions contemplated by the Sale Agreement, other related agreements and this Order; and (d) to perform such other acts and execute and deliver such other documents as are consistent with and necessary or appropriate to implement, effectuate and consummate the Sale Agreement and other related agreements, including making any non-material modifications, amendments or corrections of those agreements agreed to in writing by the Trustee and Buyer, all without further application to, or order of, the Court.

18.    This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby authorized and directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

19.    The Sale Agreement and all other documents, agreements and instruments necessary to effectuate and consummate the transactions contemplated by the Sale Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of the estate, Buyer, and their respective successors and assigns and shall

not be subject to rejection.

20.    This Court shall retain exclusive jurisdiction to: (a) interpret and enforce the provisions of the Sale Agreement and this Order in all respects; (b) hear, determine and resolve any and all matters arising from the construction or implementation of the Sale Agreement and this Order; (c) enforce the prohibitions and injunctions against all persons and entities (including, without limitation, the Debtor, the Debtor's former and current principals, affiliates, agents or representatives) from taking any action to exercise dominion or control of the Property, use any information, prevent, adversely affect or interfere with, or which would be inconsistent with, the ability of Buyer to own, use, or operate the Property; (d) enforce the obligations of all persons and entities (including, without limitation, the Debtor, the Debtor's former and current principals, affiliates, employees, agents or representatives) in possession or control of any Property to surrender and turn over to Buyer all Property upon consummation of the sale of the Property; and (e) determine any claims, liens, lis pendens, encumbrances, or any interests of any kind alleged against the Property or in the proceeds from the sale of the Property.

21.    Nothing contained in the Bankruptcy Case shall conflict with or derogate from the provisions of the Sale Agreement or this Order, and to the extent of any conflict or derogation between this Order or the Sale Agreement and such future actions in the Bankruptcy Case, the terms of this Order and the Sale Agreement shall control.  To the extent any provisions of this Order conflict with, or are otherwise inconsistent with, the terms and conditions of the Sale Agreement, this Order shall govern and control.

Submitted by:                                          Approved / Disapproved


/s/ Jeanette E. McPherson_                      /s/ William M. Andersen
Jeanette E. McPherson, Esq.                     William M. Andersen, Esq.
Schwartzer & McPherson Law Firm            Sherrard, German & Kelly, P.C.
2850 South Jones Boulevard, Suite 1           535 Smithfield Street, Ste. 300
Las Vegas, Nevada 89146-5308                   Pittsburgh, PA 15222
Counsel for Shelley D. Krohn, Trustee         Counsel for SS&D Nevada Properties LLC

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Approved / Disapproved

2

3    /s/ Robert Atkinson
            Robert Atkinson, Esq.
4    Atkinson Law Associates Ltd.
            376 E. Warm Springs Rd., Suite 130
5    Las Vegas, NV 89119
            Counsel for Spring Valley Development, LLC
6

7

8

9                            **LR 9021 CERTIFICATION**

10 In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

11

12       ☐     The court waived the requirement of approval under LR 9021(b)(1).

13       ☐     No party appeared at the hearing or filed an objection to the motion.

14       ☒     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

15

16       ☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

17

18

19    /s/ Jeanette E. McPherson
            Jeanette E. McPherson, Esq.
20    Schwartzer & McPherson Law Firm            # # #

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**EXHIBIT A**

**LEGAL DESCRIPTION**

The land referred to herein is situated in the State of Nevada, County of Clark, described as follows

Lot Five (5) in Block One (1) of SOUTH FIFTH STREET TRACT, as shown by map thereof on file in Book 2 of Plats, Page 72, in the Office of the County Recorder of Clark County, Nevada.

APN:  162-03-310-006

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122